Dolores Blondet Martínez et al., Plaintiff and Appellee, v. Guillermo Garáu, Defendant and Appellant.

No. 6902. Argued January 14, 1935.—Decided January 16, 1935.

T. Bernardini Palés for appellant. Pedro E. Anglade for appellees.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

The plaintiff in this case maintains that the appeal taken by the defendant is frivolous and moves to dismiss.

The action is based on a promissory note which reads ad literam as follows:

"For $1,500.00.—To July 8, 1922.—(One Thousand Five Hundred Dollars American Money.) On the eighth day of July, 1922, we jointly and in solidum promise to pay to the order of Dolores Blondet the sum of ONE THOUSAND FIVE HUNDRED DOLLARS IN UNITED STATES CURRENCY, for value received. We expressly submit to the jurisdiction of the District Court of Guayama, P. R., and we bind ourselves to pay the costs and expenses that collection thereof might cause, including fees of the attorney who may be engaged by the holder of present instrument for the recovery of the principal and interest at the anual

rate of 9 per cent. The interest on this obligation will be paid monthly and in advance by Samuel Martín at the said rate, that is, at the annual rate of 9 percent, and in default of payment of two consecutive months this obligation will be considered due. Guayama, Puerto Rico, July 8, 1922.—(Signed) Samuel Martín.—(Signed) Berreteaga & Martín. (Signed) Guillermo Garáu.''

In his answer the defendant admitted the execution of the document copied above, and among other things he alleged that according to Section 942 of the Code of Commerce in relation with Sections 944 and 950 of the same legal body, edition of 1911, the action is prescribed, because the signers of the note are merchants and the transaction is purely a commercial one. The lower court held that the action had not prescribed and sustained the complaint, ordering the defendant to pay the sum of $1,500 with interest thereon, and $250 for costs, expenses, disbursements, and attorney's fees.

According to the findings of fact of the lower court, fully sustained by the evidence, Dolores Blondet saved a certain sum of money to buy a house. Samuel Martín, brother-in-law of said young lady, knowing of the existence of that money, asked for it as a loan at the annual rate of interest of 12 per cent. The plaintiff agreed to loan the money and reduced the rate of interest to 9 per cent, considering that the rate offered was excessive. The promissory note was executed jointly and in *solidum* by the said Martín, by Berreteaga & Martín, and by the defendant Guillermo Garáu. Martín made this loan to meet an outstanding debt. The appellant alleges that the money loaned was used for commercial transactions, and that the cases decided by the Supreme Court of Spain hold that in cases of promissory notes made payable to order, if the parties intended to make a loan for commercial transactions, some of the contracting parties being merchants, said loan must be exclusively governed by Section 311 of the Code of Commerce, edition of 1911, which provides that a loan shall be considered commercial if any of the contracting parties is a merchant or if the articles

loaned are destined to commercial transactions. The appellant does not cite any decision of the Supreme Court of Spain upholding the above theory.

Section 532 of the said legal body which was one of the Sections repealed and substituted by the Negotiable Instruments Act of 1930, provides that drafts payable to order between merchants and the bills or promissory notes likewise payable to order, which arise from commercial transactions, shall produce the same obligations and effects as bills of exchange, except with regard to acceptance, which is a quality pertaining to the latter only. This Court has repeatedly construed said Section. Promissory notes made payable to order are subject to the presumption *juris tantum* that they are mercantile in character unless it is shown that they do not arise from commercial transactions. However, the commercial character of promissory notes payable to order is not established by the mere status as merchants of the persons concerned therewith as drawers, indorsers, or holders, but by the essential fact that they arise from commercial transactions.

The above is the doctrine established by the case of *Pierluisi* v. *Monllor*, 42 P.R.R. 6, where the adjudicated cases of the Supreme Court of Spain and of this Court are carefully examined. In said case it was alleged that the promissory note originated in a loan made to the defendant firm by reason of the assignment to said firm of a mortgage credit owner by the plaintiff. It was shown at the trial that one of the partners of the defendant firm sought and obtained from the plaintiff the assignment to him of said mortgage credit in order to transfer it to another person in partial payment of the purchase price of a house, and that he subscribed the promissory note as for value received in the said sum. This Court held that said promissory note did not arise from commercial transactions.

In the case of *Salgado* v. *Villamil et al.*, 14 P.R.R. 437, it was held that notes payable to order are subject to the

presumption that they are mercantile, in the absence of proof to the contrary, and the Court concludes that the notes involved in said case were not commercial as they were derived from purchase and sale of hereditary actions, which by no means can be considered as similar to the commercial transactions enumerated in the Code of Commerce, because only those acts may be considered as commercial in which either in the purchase or in the sale the parties have the intention of making profit.

In the case at bar Samuel Martín obtained from the plaintiff as a loan the savings made by her to buy a house. The transaction was made in 1921, when Section 532 of the Code of Commerce, edition of 1911, was fully in force. The *juris tantum* presumption that the promissory notes to order are mercantile has been refuted satisfactorily. The promissory note made payable to the plaintiff is not derived from commercial transactions, and therefore, any action thereupon does not prescribe by the lapse of three years as claimed by the defendant, but by the lapse of fifteen years, in accordance with Section 1865 of the Revised Civil Code in relation with Section 943 of the Code of Commerce, edition of 1911, equivalent to Section 1940 of the same code, edition of 1932.

This is the only fundamental question involved in this case, judging from the arguments of the defendant in opposition to the motion to dismiss, and from the careful study that we have made of the evidence introduced and of all the questions set forth by the defendant in his answer and during the trial.

To our judgment the appeal taken is frivolous and it should be dismissed.

ON MOTION FOR REHEARING

January 23, 1935

1. BILLS AND NOTES—FORM AND CONTENTS—NATURE AND ESSENTIALS—MERCAN-
TILE CHARACTER OF PROMISSORY NOTES.—The promissory notes to order to which Section 532 of the Code of Commerce refer are not those the proceeds of which are to be used in business, but those arising from commercial transactions.

2. ID.—CONSTRUCTION—PARTIES TO INSTRUMENT—SOLIDARY OBLIGOR.—Where a person signs a promissory note together with the debtor, binding himself to pay jointly and *in solidum* the principal and so forth, until total payment of capital and interests, the fact that the debtor bound himself to pay monthly and in advance the interests does not deprive the obligation of its solidary nature regarding the said interests.

3. COSTS—NATURE, GROUNDS, AND EXTENT OF RIGHT—STIPULATIONS IN REGARD TO COSTS.—Where the parties to a promissory note stipulate as to the payment of the costs and fees in the event of a suit, and the defendant in his answer does not object to the reasonability of the value thereof as stated in the complaint, but simply establishes the prescription of the action as a defense, the lower court correctly construes the law and the applicable decisions in considering reasonable the said value and in ordering the defendant to the payment thereof.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The appellant moves for a reconsideration of our ruling dismissing as frivolous the appeal taken. He insists in that the amount of the loan in the instant case was destined to commercial transactions and in that it must be considered as mercantile in character. We said in our opinion that the appelant did not cite any authorities to maintain his theory. In his motion for rehearing the appellant infers from some decisions of the Supreme Court of Spain that the obligation has a mercantile character when it is used for commercial transactions. Besides the fact that in this case it has not been shown that the plaintiff loaned her savings to her brother-in-law Samuel Martín to be used in commercial transactions, we think that from the promissory note made payable to the plaintiff, and from the evidence introduced, it is clearly inferred that the loan is not derived from commercial transactions.

This Court and the Supreme Court of Spain itself have declared that the promissory notes to order to which Section 532 of the Code of Commerce refers are not those the proceeds of which are to be used in business, but those *arising from commercial transactions,* words which the Supreme Court of Spain underlines in its judgment of November 24,

1894, and in one of the "considerandos" which reads as follows:

"Whereas, the bill and promissory notes which, according to Section 532 of the Code of Commerce, have the same force and effect as bills of exchange, are not those whereof the proceeds are to be employed in mercantile transactions, but those arising from commercial transactions of this class, therefore the judgment appealed from is in accordance with said provision which is assigned as violated on the first ground of the appeal by holding as a mere common law loan the one embodied in the notes whereupon this action is based, to the contracting parties of which Section 2 of the same code, also cited in the same ground, can not therefore be applied."

In the case of *Pierluisi* v. *Monllor,* 42 P.R.R. 6, this Court after citing a judgment of the Supreme Court of Spain of October 11, 1918, expresses itself as follows:

"Section 531 referred to in that judgment is identical with the section bearing the same number in our Code and refers to the requirements of a promissory note drawn to order, the seventh of which is that the instrument must set forth the origin and kind of value represented thereby. Section 532 cited by us is exactly the same as Section 532 of the Spanish Code of Commerce. Prior to the above two judgments, or on November 24, 1894, the same Court had already declared that promissory notes payable to order are not necessarily those the proceeds of which are to be used in business but those arising from commercial transactions, as the latter are the only ones legally to be considered as commercial instruments. The said Court, in its judgment of January 25, 1898, made the following ruling: 'The issuance of promissory notes to order and their indorsement should be considered as mercantile acts in accordance with Section 2 of the Code of Commerce, as they are among those expressly so defined by that code; hence such instruments are presumed to proceed from commercial transactions, unless the contrary is shown."

"Therefore, according to our Code of Commerce—which in this respect is identical with the Spanish Code—the jurisprudence laid down by the Supreme Court of Spain, and the repeated decisions of this Court, promissory notes drawn to order are subject to the presumption *juris tantum* that they are mercantile in character, unless it is shown that they do not arise from commercial transactions.

Consequently, the act of subscribing a promissory note payable to order does not turn a simple loan into a mercantile one, nor does it constitute in itself a commercial transaction, as our statute provides that those loans are mercantile which arise from commercial transactions. The same doctrine is maintained by the commentators. In his work, 'Jurisprudencia Mercantil,' vol. 2, p. 235, Mr. Estasen says, as quoted by the appellees in their brief, that 'the bills and promissory notes which, according to Section 532 of the Code of Commerce, have the same force and effect as bills of exchange, are not necessarily those the proceeds of which are to be employed in mercantile transactions but those arising from commercial transactions'; and on page 236 he further says: 'The commercial character of promissory notes drawn to order is not established by the mere condition as merchants of the persons interested in them as drawers, indorsers, or holders, but by the essential fact that they arise from commercial transactions.''

The lower court, analyzing the evidence introduced, expressed itself as follows:

''The plaintiff was not engaged in business; she lived at her home with her family. She did not keep the money loaned to speculation, but as savings to buy a house. The family-ties with her brother-in-law Samuel Martín, were perhaps the reason which led her to make the loan to help her brother-in-law who was in a very bad situation, as he stated in letters which are filed with the record.''

The appellant alleges that the court a quo committed a manifest error in the weighing of the evidence, even showing passion, prejudice, and bias, and that it also committed error in construing the loan contract. We have carefully examined all the evidence introduced and we can not agree with the defendant. The court a quo makes a detailed and impartial analysis of said evidence, it establishes the facts correctly and clearly, and it applies the law as it has been construed by this Court.

As to the interest, the defendant is mistaken in claiming that Samuel Martín is exclusively responsible for payment thereof. Clearly this is a joint obligation. The signers of the promissory note are bound jointly and in common to pay to the order of Dolores Blondet the principal

and the costs and expenses that collection of the note might cause, including the fees of the attorney who may be engaged by its holder for the recovery of the principal and interest at the annual rate of 9 per cent. The fact that Samuel Martín was the person who obtained the loan, and that he bound himself to pay monthly and in advance the interest thereon, does not deprive the obligation of its joint nature regarding the said interest. As to the costs and attorney's fees payment of which was stipulated by the parties, the defendant in his answer, did not object to the reasonability of the value thereof in $250 stated in the complaint and simply established prescription of the action as a defense. The lower court considered the said sum reasonable and ordered the defendant to pay it, correctly construing the law and the adjudicated cases of this Court. *American Colonial Bank* v. *Rossy et al.*, 39 P.R.R. 509; *Brockway Motor Truck Corp. of P. R.* v. *Llorens*, 45 P.R.R. 119.

The rehearing must be denied.